■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENNIE WASHINGTON, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J., at trial and sentence), rendered August 4, 1987, which convicted defendant of rape in the first degree and sentenced him to an indeterminate term of imprisonment of from 5 to 15 years, unanimously affirmed.

Defendant's claim that the evidence was insufficient because there was no proof of an assault to establish the element of forcible compulsion (Penal Law § 130.35 [1]) is without merit. "Forcible compulsion" means to compel either by the use of physical force or a threat, express or implied, which places a person in fear of immediate death or physical injury (Penal Law § 130.00 [8]). Viewing the evidence in a light most favorable to the People, we find that a rational person could conclude that every element of the crime charged was proved beyond a reasonable doubt *(People v Thompson,* 72 NY2d 410, 413 [1988]). Defendant placed his arm around complainant and warned her against trying to escape or draw attention. The warning was buttressed by the display of the handle of a knife, which complainant took to be a gun, and the verbal

threat that he had a "piece" in his pocket. This evidence establishes the element of forcible compulsion under Penal Law § 130.35 (1). Defendant's remaining arguments, essentially attacking complainant's credibility, are of no moment given the standard of review set forth in *People v Thompson (supra)*.

Defendant seeks a reduction of his sentence on the ground that the evidence of his guilt was marginal. Such a claim is insufficient to demonstrate that the sentencing court abused its discretion and, in any event, we find the evidence of his guilt overwhelming. Accordingly, there is no basis for disturbing the sentence imposed. Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.